UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES *ex rel.* ) | |
| HEATHCOTE HOLDINGS CORP, INC., ) | |
| An Illinois Corporation, Relator, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 10 C 2544 |
| ) | |
| MAYBELLINE LLC, L'OREAL USA ) | Judge Rebecca R. Pallmeyer |
| CREATIVE, INC., and L'OREAL USA, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This is one of dozens of *qui tam* actions filed in federal courts around the country pursuant to 35 U.S.C. § 292, charging the distributor of a product with false patent marking. In this case, Relator, Heathcote Holdings Corporation ("Heathcote" or "Plaintiff"), alleges that Maybelline LCC, Maybelline New York, L'Oréal USA Creative, Inc., and L'Oréal USA, Inc. (collectively, "Defendants") falsely marked the packaging of several cosmetics products with expired patents. Defendants have moved to dismiss, arguing that Plaintiff has failed to satisfy heightened pleading standards under FED. R. CIV. P. 9(b), and that the court lacks personal jurisdiction over L'Oréal USA Creative. In the alternative, Defendants seek to transfer to this case to the Southern District of New York pursuant to 28 U.S.C. § 1404(a). For the reasons stated below, Defendants' motion to dismiss is granted in part and denied in part, and Defendants' motion to transfer is granted.[1]

## BACKGROUND

Plaintiff Heathcote is an Illinois corporation with its principal place of business in Evanston,

---

[1] The court is aware that Judge Polster in the Northern District of Ohio recently found the *qui tam* provision of 35 U.S.C. § 292 unconstitutional. *Unique Product Solutions, Ltd. v. Hy-Grade Valve, Inc.*,___F. Supp. 2d___, No. 5:10-CV-1912, 2011 WL 649998 (N.D. Ohio Feb. 23, 2011). The court respectfully declines to address the issue of constitutionality at this time absent appropriate notice to the Department of Justice. *See* 28 U.S.C. § 2403.

Illinois.² (Am. Compl. ¶ 4.) Defendant L'Oréal USA, Inc., and its subsidiary, L'Oréal USA Creative, Inc., are Delaware corporations with their principal places of business in New York, New York. (*Id.* ¶¶ 9-10.) Defendant L'Oréal USA manufactures and sells various cosmetics and skin care products, including a mascara line at issue. (Declaration of Laura Hastings ("Hastings Dec.") ¶ 10, Ex. A to Defs.' Mem. in Supp. of Defs.' Mot. to Dismiss (hereinafter, "Defs.' Mem.").) Defendant Maybelline LLC is a wholly owned subsidiary of L'Oréal USA with its principal place of business in New York, New York. (*Id.* ¶ 3.) Defendant Maybelline New York is not a corporation, but rather a brand owned by L'Oréal USA Creative. (*Id.* ¶ 18.)

On July 16, 2010, Heathcote filed the present complaint, alleging that Defendants falsely marked the packaging of various mascara products with expired patent numbers "with the intent to deceive the public," in violation of 35 U.S.C. § 292.³ (Am. Compl. ¶ 53.) The fifteen separate mascara products described in Plaintiff's complaint are marked with one or more of the U.S. Patent Numbers: 4,796,647, 4,871,536, 4,887,622, 4,898,193, and 4,993,440; all have expired.⁴ (*Id.* ¶ 15.) Plaintiff seeks $500 for each falsely marked product, half of which would be paid to the United States Government, as required under § 292. Plaintiff urges that the false markings on the products' packaging have "the potential to discourage or deter persons and companies from

---

² As far as the court can tell, Heathcote was formed in 2008 by Paul Hletko, an Illinois patent attorney. The corporation appears to have no business other than enforcement of the patent laws. *See* Brief for Paul Hletko as Amicus Curiae Supporting Defendant-Appellant at 2, *Forest Group, Inc. v. Bon Tool Co.*, 590 F.3d 1295 (Fed Cir. 2009) (No. 2009-1044); *see also* Joe Mullin, *Patent Litigation Weekly: Who is Driving the False-Marking Frenzy?*, LAW.COM, May 31, 2010, http://www.law.com/jsp/cc/PubArticleCC.jsp?id=1202458966077 (last visited March 14, 2011).

³ Plaintiff's original complaint, filed on April 23, 2010, included twenty-five separate counts for false patent marking under 35 U.S.C. § 292. Plaintiff has since reduced the complaint to fifteen counts.

⁴ Plaintiff alleges that the '647 Patent has been expired since September 15, 2006 (Counts I-VI); the '536 Patent has been expired since October 3, 2006 (Count VII); the '622 Patent has been expired since November 30, 2007 (Counts VIII-XV); and the '440 Patent has been expired since February 19, 2008 (Counts XII-XIV). (Am. Compl. ¶¶ 20, 26, 33, 40, 46.)

commercializing competing products." (Am. Compl. ¶ 125.)  On July 30, 2010, Defendants filed a motion to dismiss, arguing that: (1) Plaintiff lacked standing; (2) Plaintiff failed to allege specific facts demonstrating fraudulent intent as required under FED. R. CIV. P. 9(b); and (3) Defendants L'Oréal USA Creative and Maybelline New York should be dismissed for lack of personal jurisdiction.  Defendants simultaneously filed a motion to transfer to the Southern District of New York under 28 U.S.C. § 1404(a).

In August of 2010, the court granted the parties' request for a stay of the proceedings pending the Federal Circuit's decision in *Stauffer v. Brooks Brothers, Inc.*, 619 F.3d 1321 (Fed. Cir. 2010).  On August 31, 2010, the Federal Circuit recognized that *qui tam* plaintiffs have standing to sue under § 292.  *Id.* at 1325.  Soon thereafter, the parties filed a joint motion stipulating that Defendants' challenge to Heathcote's standing was moot, and Plaintiff agreed to dismiss Defendant Maybelline New York.  [Doc. No. 30.]  On September 17, 2010, the court granted the parties' joint motion.  [Doc. No. 33.]  The other arguments in Defendants' motion to dismiss regarding lack of jurisdiction and failure to state a claim remain pending, as does Defendants' motion to transfer.

## **ANALYSIS**

Defendants move to dismiss Plaintiff's complaint pursuant to FED. R. CIV. P. 12(b)(6) for failing to meet the pleading requirements of FED. R. CIV. P. 9(b).  On a motion to dismiss, the court must "accept as true all of the allegations contained in a complaint" and draw all reasonable inferences in favor of the plaintiff.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  While detailed factual allegations are not required, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In other words, a plaintiff's complaint must allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).  Rule 9(b) imposes stricter requirements for fraud allegations: "A party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other

conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). At bottom, Rule 9(b) requires a plaintiff to state "the who, what, when, where, and how: the first paragraph of any newspaper story." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

## I.     False Marking Allegations

The false patent marking statute provides that "[w]hoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word 'patent' or any word or number importing that the same is patented for the purpose of deceiving the public. . . . [s]hall be fined not more than $ 500 for every such offense." 35 U.S.C. § 292(a). Defendants argue that Heathcote has failed to meet the pleading standards of FED. R. CIV. P. 9(b) in that Heathcote has not alleged any facts from which one could infer an intent to deceive the public. Heathcote responds by noting that 9(b) does not apply to § 292 cases, but urging that even if it does, Heathcote has complied with the rule. The court concludes that Rule 9(b) does in fact apply to § 292 claims, but that Plaintiff's complaint satisfies the requirements of that rule.

Defendants correctly note that while the issue of Rule 9(b)'s applicability to § 292 claims has divided many courts, the Federal Circuit and the majority of courts in this district have ruled that an allegation of false marking is a "fraud-based" claim, thus triggering the heightened pleading requirements of FED. R. CIV. P. 9(b). *See, e.g.*, *Stauffer*, 619 F.3d at 1328; *Simonian v. Maybelline LLC*, No. 10 C 1615, 2011 WL 814988, *3 (N.D. Ill. Mar. 1, 2011); *Simonian v. Allergan, Inc.*, ___F. Supp. 2d___, No. 10 C 02414, 2010 WL 5175017, at *3 (N.D. Ill. Nov. 30, 2010); *Simonian v. Blistex, Inc.*, No. 10 CV 01201, 2010 WL 4539450, at *5-6 (N.D. Ill. Nov. 3, 2010). Following the lead of *Stauffer* and other courts in this district, this court will apply Rule 9(b) to the instant § 292 action.

Defendants contend that Heathcote has failed to plead the "who, what, when, where, and how" required by Rule 9(b), but the court disagrees. Heathcote has sufficiently pleaded each of these elements simply by asserting that Defendants falsely marked the outside of its mascara

4

products with expired patents, and have sold and continue to sell such products in the Northern District of Illinois. (Am. Compl. ¶ 13.) Heathcote has provided pictures of each product at issue with the expired patent numbers on the packaging of those products.[5] (Ex. I to Am. Compl.) Heathcote has also provided copies of the patents, and identified the dates on which each was issued and expired. (Ex. A-E to Am. Compl.) In concluding that these allegations are sufficient, the court does not write on a clean slate. Several other courts in this district have found similar allegations sufficient under Rule 9(b). *See, e.g.*, *Englehardt v. Costco Wholesale Corp.*, No. 10 C 1424, 2010 WL 4822926, at * 2 (N.D. Ill. Nov. 22, 2010) (denying motion to dismiss where complaint identified "the entity responsible for the alleged fraud, the conduct through which the fraud was accomplished [. . .], the item falsely marked, and also provide[d] a temporal and geographical frame of reference for the conduct at issue."); *Blistex*, 2010 WL 4539450, at *6 ("The 'who' is [defendant]. The 'what' is Defendant's allegedly falsely marked . . . products and the . . . patent. The 'when' is after the expiration of the . . . patent. The 'where' is on the product packaging of the accused product. The 'how' is marking the relevant products with the expired patent numbers."); *Simonian v. Oreck Corp.*, No. 10 C 1224, 2010 WL 3385465, at * 4 (N.D. Ill. 2010. Aug. 23, 2010) (denying motion to dismiss where plaintiff provided pictures of the expired patent having been marked on defendants' product).

---

[5] Defendants' 610 Product is marked with the expired '647 patent (Count I); Defendants' 630 Product is marked with the expired '647 patent (Count II); Defendants' 690 Product is marked with the expired '647 patent (Count III); Defendants' 710 Product is marked with the expired '647 patent (Count IV); Defendants' 730 Product is marked with the expired '647 patent (Count V); Defendants' 720 Product is marked with the expired '647 patent (Count VI); Defendants' 145 Product marked with the expired '536 patent and with the expired '622 patent (Count VII); Defendants' 165 Product is marked with the expired '622 patent (Count VIII); Defendants' 160 Product is marked with the expired '622 patent (Count IX); Defendants' 844 Product is marked with the expired '622 patent (Count X); Defendants' 301 Product is marked with the expired '622 patent (Count XI); Defendants' 524 XXL PR Product is marked with the expired '622 patent and expired '440 patent (Count XII); Defendants' 523 XXL PR Product is marked with the expired '622 patent and expired '440 patent (Count XIII); Defendants' 521 XXL PR Product is marked with the expired '622 patent (Count XIV); and Defendants' 531 XXL PR Product is marked with the expired '622 patent (Count XV).

Defendants further argue that Heathcote has not sufficiently alleged deceptive intent because Heathcote's allegations regarding intent are presented "in a generalized and speculative manner." (Defs.' Am. Mem. at 7.) The court reads Plaintiff's complaint, as well as Plaintiff's burden under Rule 9(b), differently. In the context of false patent marking claims, while a plaintiff is required to plead facts from which an intent to deceive the public can be inferred, Rule 9(b) does not require a plaintiff or relator to "plead facts alleging intentional deception with particularity." *Blistex*, 2010 WL 4539450, at *6. Under 9(b), intent may be alleged generally. FED. R. CIV. P. 9(b); *Oreck Corp.*, 2010 WL 3385465, at *4. Morever, "the combination of a false statement and knowledge that the statement was false creates a rebuttable presumption of intent to deceive the public." *Pequignot v. Solo Cup Co.*, 608 F.3d 1356, 1362-63 (Fed. Cir. 2010).

Heathcote here not only asserts that Defendants marked their mascara products with the expired patents, but also states that Defendants knew that these patents were expired. Heathcote further suggests that Defendants have "many decades of experience applying for, obtaining, and litigating patents," and therefore, "knew, or should have reasonably known, that marketing, affixing or using in advertising their products with expired patents . . . was illegal." (Am. Compl. ¶¶ 49, 127.) Such allegations regarding Defendants' intent to deceive the public are sufficient to survive dismissal.[6] Heathcote is not required to "prove its case" at this stage, as other courts in this district have observed; "[T]o require more facts . . . concerning intent would impose even a higher pleading standard than is required under Rule 9(b), effectively foreclosing *qui tam* actions such as this,

---

[6] Contrary to Defendants' assertion that Plaintiff's "bare-bones" pleading is factually insufficient on the element of deceptive intent (Defs.' Am. Mem. 8-10), the court pauses to note that the vast majority of other courts in this district facing nearly identical factual circumstances have found allegations such as those presented by Plaintiff sufficient to survive motions to dismiss. *See, e.g.*, *Maybelline LLC*, 2011 WL 814988, at *4-5; *Brunswick Corp.*, 2011 WL 124262, *2; *Englehardt*, 2010 WL 4822926, at *2; *Allergan, Inc.*, 2010 WL 5175017, at *3; *Blistex*, 2010 WL 4539450, at *4; *Simonian v. Irwin Indus. Tool Co.*, No. 10 C 1260, 2010 WL 3488129, at *2 (N.D. Ill. Aug. 27, 2010); *Simonian v. Bunn-O-Matic Corp.*, No. 10 C 1203, 2010 WL 3385468, at *6 (N.D. Ill. Aug. 23, 2010); *Oreck Corp.*, 2010 WL 3385465, at *4.

which Congress has indicated should be available to the public." *Patent Compliance Group, Inc. v. Brunswick Corp.*, No. 10 C 4645, 2011 WL 124262, * 2 (N.D. Ill. Jan. 14, 2011); *Blistex*, 2010 WL 4539450, at *4 ("[T]o survive a motion to dismiss, a Relator need not plead facts that foreclose the possibility of its not prevailing at trial."). This court finds Plaintiff's allegations sufficiently detailed to meet the requirements of Rule 9(b). Defendants' motion to dismiss is denied.

## II.     Personal Jurisdiction Over Defendant L'Oréal USA Creative

Defendants seek dismissal of Plaintiff's complaint with prejudice with respect to Defendant L'Oréal USA Creative for lack of personal jurisdiction pursuant to FED. R. CIV. P. 12(b)(2).[7] According to Defendants, L'Oréal USA Creative "is merely a non-resident holding company that does not make, use, sell, or offer for sale any goods or services to any consumer in any state," and therefore lacks sufficient minimum contacts with Illinois to meet the requirements for specific or general jurisdiction. (Defs.' Am. Mem. at 12.) In order to survive the motion to dismiss, Plaintiff need only make a prima facie showing that L'Oréal USA Creative is subject to personal jurisdiction in Illinois. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). Plaintiff, however, does not oppose the dismissal of Defendant L'Oréal USA Creative, but asks for the dismissal to be without prejudice in the event that "facts are uncovered during discovery which support adding L'Oréal USA Creative back into the case." (Pl.'s Resp. in Opp. to Defs.' Mot. to Dismiss (hereinafter "Pl.'s Resp."), at 15.) The court grants Defendants' motion to dismiss L'Oréal USA Creative, as Plaintiff has failed to make a prima facie showing of personal jurisdiction.

Personal jurisdiction over an out-of-state defendant involves a two-part analysis: (1) whether the facts satisfy the forum state's long-arm statute, and (2) whether the non-resident has sufficient minimum contacts with the forum state such that the court's exercise of jurisdiction does "not offend

---

[7]     Defendants do not object to the court asserting personal jurisdiction over remaining Defendants Maybelline LCC and L'Oréal USA, Inc., as Plaintiff has stipulated to dismissal for Defendant Maybelline New York.

7

traditional notions of fair play and substantial justice." *HollyAnne Corp. v. TFT, Inc.*, 199 F.3d 1304, 1307 (Fed. Cir. 1999); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The Illinois long-arm statute provides that personal jurisdiction over a non-resident defendant extends to the full extent permitted by the Illinois Constitution and U.S. Constitution. 735 ILCS 5/2-209(c).

By alleging that Defendants' sales in this case "are substantial, continuous, and systematic" (Am. Compl. ¶ 13), Plaintiff attempts to invoke the court's general jurisdiction. General jurisdiction "is for suits neither arising out of nor related to defendant's contacts, and it is permitted only where the defendant has 'continuous and systematic general business contacts' with the forum." *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)). Defendants maintain that L'Oréal USA Creative does not have sufficient contacts in Illinois, and the court agrees that its contacts with Illinois are not so continuous and systematic that it could reasonably have anticipated being haled into court in Illinois. Defendant L'Oréal USA Creative is a Delaware corporation with its principal place of business in New York. L'Oréal USA Creative does not manufacture or distribute *any* cosmetic products; rather it is a holding company of Defendant L'Oréal USA, Inc. with no facilities or employees in Illinois. (Hastings Dec. ¶¶ 5-7, Ex. A to Defs.' Mem.) Plaintiff identifies no conduct of Defendant L'Oréal USA Creative that shows it has subjected itself to jurisdiction in Illinois.[8] Accordingly, the court grants Defendant's motion to dismiss L'Oréal USA Creative for lack of personal jurisdiction without prejudice.

**III.      Transfer of Venue**

Defendants have filed an alternative motion to transfer this case to the Southern District of

---

[8]   To the extent that Plaintiff's complaint invokes a "stream of commerce" theory, it is misplaced here because (1) L'Oréal USA Creative does not place any products into the stream of commerce, and (2) that theory "is relevant only to the exercise of specific jurisdiction; it provides no basis for exercising general jurisdiction over a non-resident defendant." *Purdue Research Found.*, 338 F.3d at 789.

New York in the event that all of Heathcote's claims are not dismissed. A district court may transfer any civil action "[f]or the convenience of parties and witnesses, [and] in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A transfer under § 1404(a) is proper if: (1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interests of justice. *Vandeveld v. Christoph*, 877 F. Supp. 1160, 1167 (N.D. Ill. 1995) (citations omitted).[9] The movant bears "the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). In ruling on a motion to transfer, the court must weigh both the private interests of the parties and the interest of the court. *Anchor Wall Systems, Inc. v. R & D Concrete Products, Inc.*, 55 F. Supp. 2d 871, 873 (N.D. Ill. 1999) (citation omitted). For the following reasons, the court grants Defendants' motion to transfer venue.

### A. Private Interest Factors

In evaluating the convenience of transfer, the court considers five private interest factors: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of witnesses; and (5) the convenience of the parties. *Law Bulletin Publ'g Co. v. LRP Publ'ns, Inc.*, 992 F. Supp. 1014, 1017 (N.D. Ill. 1998) (citations omitted).

#### 1. Plaintiff's Choice of Forum and Situs of Material Events

A plaintiff's choice of forum is typically entitled to deference, "particularly when it is a plaintiff's home forum." *Simonian v. Hunter Fan Co.*, No. 10 C 1212, 2010 WL 3975564, at *2 (N.D. Ill. Oct. 07, 2010) (citing *Bryant v. ITT Corp.*, 48 F. Supp. 2d 829, 832 (N.D. Ill. 1999)). In a *qui tam* action, however, the real party in interest is the United States, and a plaintiff's choice of forum is

---

[9] Since the parties do not dispute that Defendants Maybelline LCC and L'Oréal USA, Inc. are subject to personal jurisdiction here, the court will only examine whether transfer is for the convenience of the parties and witnesses, and whether transfer is in the interests of justice.

entitled to less weight. *See San Francisco Tech., Inc. v. The Glad Prods. Co.*, No. 10-CV-00966 JF, 2010 WL 2943537, at *7 (N.D. Cal. July 26, 2010) (collecting cases). Thus, Plaintiff's choice of forum receives less deference in this case.

The second factor weighs in favor of transfer, as the alleged conduct that gave rise to Plaintiff's claim occurred in New York. A plaintiff's choice of forum is "less significant when the operative facts have little connection to the forum." *U.S. ex rel. Heathcote Holdings Corp., Inc. v. Leapfrog Enterprises, Inc.*, No. 10 C 1471, 2010 WL 5439721 *2 (N.D. Ill. Dec. 27, 2010), and *cases cited therein*. As Defendants point out, all of the artwork for the packaging of their mascara products is designed in New York, all of the decisions regarding the choice of markings to use for products are made in New York, and all of the employees with knowledge of the packaging decision-making are located in or around New York. (Defs.' Mot. to Transfer, at 9.) As Plaintiff notes, sales of falsely marked products in Illinois are additional material events related to this lawsuit. (Pl.'s Resp. to Mot. to Transfer, at 9.) Those sales are indeed necessary to state a claim under 35 U.S.C. § 292, the defendant's decision to falsely mark an unpatented article is "where liability hinges." *Hunter Fan Co.*, 2010 WL 3975564, at *2 (N.D. Ill. Oct. 07, 2010); s*ee also Glad Prods. Co.*, 2010 WL 2836775, at *5. The fact that sales occurred here does not defeat the conclusion that New York is the situs of material events.

### 2. Access to Sources of Proof and Convenience of Witnesses

Plaintiff suggests that "most, if not all, of Defendants' discovery will occur within this District" because Defendants will seek to depose Plaintiff and "obtain tangible evidence in its possession." (Pl.'s Resp. to Mot. to Transfer, at 8-9.) Defendants argue that "every source of proof" in this case—including all of their mascara product packaging artwork, as well as all the employees who worked on designing the packaging with the expired patent numbers—is located in New York, and no relevant documents are located in the Northern District of Illinois. (Defs.' Mot. to Transfer, at 10.) The court recognizes that "[t]he convenience of witnesses who are within a party's control is

far less important than the convenience of non-party witnesses." *Hunter Fan Co.*, 2010 WL 3975564, at *3 (citing *Int'l Truck & Engine Corp. v. DowHammond Trucks Co.*, 221 F. Supp. 2d 898, 904 (N.D. Ill. 2002)). Plaintiff argues that Illinois is more convenient for its witnesses, yet does not identify any potential witnesses whatsoever. Moreover, Plaintiff's claim stems from Defendants' decision-making, and therefore, Defendants' evidence and other testimony from relevant employee-witnesses will likely constitute "the bulk of proof." *Zojo Solutions, Inc. v. Leviton Mfg. Co., Inc.*, No. 10 C 881, 2010 WL 4257546, at *3 (N.D. Ill. Oct. 20, 2010). As a result, the ease of access to sources of proof and the convenience of witnesses weighs in favor of transfer.

### 3. Convenience of the Parties

Generally, courts will "consider the parties' respective residences and their ability to bear the costs of litigating in a particular forum." *Allied Van Lines, Inc. v. Aaron Transfer and Storage, Inc.*, 200 F. Supp. 2d 941, 947 (N.D. Ill. 2002). Heathcote urges that transferring the case to New York may place a "substantial hardship" on the corporation by increasing its "financial burdens" (Pl.'s Resp. to Mot. to Transfer, at 8-9), but provides no estimates of the costs it might incur if the case is transferred. Heathcote makes no mention of any employees that would need to travel to New York, and, as noted, has no apparent business to attend to other than patent marking litigation. Though Defendants arguably have greater financial resources, all of Defendants' employees are located in New York, and would therefore require travel to Illinois. This factor weighs in favor of Defendants.

### B. Public Interest Factors

In examining the "interests of justice" under § 1404(a), the court examines certain public interest factors that facilitate the efficient functioning of the courts, including: (1) speed at which the case will proceed to trial; (2) feasibility of consolidation; and (3) the court's familiarity with applicable law. *Coffey*, 796 F.2d at 221; *St. Paul Fire & Marine Ins. Co. v. Brother Int'l Corp.*, No. 05 C 5484, 2006 WL 1543275, at *1 (N. D. Ill. June 1, 2006).

The first and third of these factors are, effectively, a "wash." There are two measures relevant to speed: the number of months from filing to disposition and number of months from filing to trial. *Schwarz v. National Van Lines, Inc.*, 317 F. Supp. 2d 829 (N.D. Ill. 2004) (citing *Tingstol Co. v. Rainbow Sales, Inc.*, 18 F. Supp. 2d 930, 933 (N.D. Ill. 1998)). On those measures, the Northern District of Illinois and the Southern District of New York are nearly identical. [10] And, while Defendants suggest that courts in the Southern District of New York are familiar with false marking claims, this court has substantial familiarity with those claims as well, as the cases cited in this order reflect.

That leaves the question of feasibility of consolidation. Related litigation should be transferred to a single forum for consolidation, where that is feasible. *Hunter Fan Co.*, 2010 WL 3975564, at *4 (citing *Coffey*, 796 F. 2d at 221) ("Transfer is particularly appropriate when the lawsuit in the transferor venue can be feasibly consolidated with related litigation pending in the transferee venue.") Defendants note that a related action pending against Defendant Maybelline, LLC, involving the same patents and several of the products at issue here, was transferred to the Southern District of New York in July 2010. *See The Glad Prods. Co.*, 2010 WL 2943537, at *12. Plaintiff argues that Defendants' "convenience with respect to a different lawsuit is not relevant." (Pl.'s Resp. to Defs.' Mot. to Transfer, at 7.) The court disagrees, especially given the substantial overlap between the expired patents and products at issue in this case and in *San Francisco Tech*.

The court concludes that Defendants have met their burden of establishing that the Southern District of New York is more convenient. The location of the material events, access to relevant evidence, and the possibility of consolidation with a similar *qui tam* false patent marking

---

[10] In the Northern District of Illinois, the median number of months from filing to disposition for a civil case is 6.2 months, versus 6.4 months in the Southern District of New York. In the Northern District of Illinois, the time from filing to trial is 27.8 months, versus 31.4 months in the Southern District of New York. (U.S. District Court-Judicial Caseload Profiles, Exs. L, M to Defs.' Mot. to Transfer.)

lawsuit in the Southern District of New York all persuade the court that transfer is appropriate.

**CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss [22] for Plaintiff's failure to state a claim pursuant to Rule 12(b)(6) is denied, but dismissal is granted as to Defendant L'Oréal USA Creative for lack of personal jurisdiction. Defendants' motion to transfer venue [24] is granted and this case is transferred to the United States District Court for the Southern District of New York.

ENTER:

Dated: March 15, 2011

_____
REBECCA R. PALLMEYER
United States District Judge